ARYEH KAUFMAN (SBN: 289745)
**LAW OFFICE OF ARYEH KAUFMAN**
5482 Wilshire Blvd. Suite #1907
Los Angeles, CA 90036
P: (323) 943-2566
F: (213) 402-8598
Email: aryeh@akaufmanlegal.com

Attorney for Plaintiff
DAY TO DAY IMPORTS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAY TO DAY IMPORTS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> FH GROUP INTERNATIONAL, INC., a New Jersey Corporation; and DOES 1 – 10, <br><br> Defendant. | No. <br><br> **COMPLAINT FOR:** <br> 1. **COPYRIGHT INFRINGEMENT;** <br> 2. **STATUTORY UNFAIR COMPETITION UNDER BUS. & PROF. CODE §17200** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, DAY TO DAY IMPORTS, Inc., a California corporation ("Plaintiff" or "DAY TO DAY"), by its attorney, and hereby files this Complaint against FH Group International, Inc., a New Jersey corporation ("Defendant" or "FH"), and alleges as follows:

### *JURISDICTION AND VENUE*

1.  This Court has jurisdiction over the matter. This is a civil action seeking injunctive relief and damage for copyright infringement under the copyright laws of the United States, 17 U.S.C. §101 *et seq*. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1338.

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a) and (b), and supplemental jurisdiction of the state law claim pursuant to 28 U.S.C. §1367(a).

3. This Court also has personal jurisdiction over the Defendant. The Defendant solicits, transacts, and is doing business within the State of California. Defendant has committed unlawful and tortious acts both within and outside the State of California causing injury to Plaintiff, a California corporation, within this Judicial District. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391 because Defendant, is doing business in, and a substantial part of the events giving rise to the claims herein, occurred in this Judicial District.

## *INTRODUCTORY STATEMENT*

5. This is an action by Plaintiff DAY TO DAY to recover damages arising from the infringement of Plaintiff's copyright and associated intellectual property rights by Defendant. Among other things, Defendant copied, published, distributed, sold, and publicly displayed Plaintiff's copyrighted design ("Subject Design"). Plaintiff also seeks permanent injunctive relief barring Defendant from future infringement, and the financial benefit to Defendants therefrom.

## *PARTIES*

6. Plaintiff DAY TO DAY IMPORTS, INC., a California corporation, is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Gardena, California. Plaintiff is engaged in the business of, *inter alia*, the sale via various e-commerce websites of seat covers.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendant FH GROUP INTERNATIONAL, INC., is a corporation incorporated under the laws of the State of New Jersey with its principal place of business located at 265 Secaucus Rd., Secaucus, New Jersey 07094.

///

8. The true name and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 10, inclusive, are unknown to Plaintiff, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants when they are ascertained.

9. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants named herein as DOES is in some way responsible for the acts and events alleged herein.

10. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants, including Doe Defendants, and each of them, were the agents, servants, employees, representatives, partners, subsidiaries, affiliates, or alter-egos of each other, and is doing the things herein alleged, were acting within the full course and scope of such relationship, and with the full knowledge, authorization, consent and ratification, either express or implied, of each of the other Defendants.

## *STATEMENT OF FACTS*

11. At all times hereto, Plaintiff is and has been the sole and exclusive copyright owner of the Subject Design that is the subject matter of this action.

12. Plaintiff is an e-commerce seller, *inter alia*, of seat covers with unique designs. Plaintiff manufactures seat covers with the Subject Design and sells them through its authorized distribution channels.

13. Plaintiff invests substantial resources into the development and distribution of seat covers containing the Subject Design.

14. Plaintiff has also obtained the following registration with the United States Copyright Office for the Copyright Work: VA 1-900-842. Attached hereto as Exhibit A is a copy of the registration with the United States Copyright Office of the Copyrighted Work.

15. On or about December 15, 2013, Plaintiff became aware that Defendant had copied the Subject Design and was manufacturing seat covers with identical designs, or derivative designs, covered by Plaintiff's copyright. Defendant sold these infringing seat covers on eBay.com.

COMPLAINT FOR DAMAGES
- 3 -

16. At that time Plaintiff sent a Notice of Claimed Infringement ("NOCI") to eBay.com through their Verified Rights Owner ("VeRO") program and, pursuant to the NOCI, eBay.com removed Defendant's infringing listings.

17. On or about November 20, 2015, Plaintiff became aware that Defendant was again using the Subject Design to sell and market their own seat covers on eBay.com.

18. Upon further investigation, Plaintiff discovered that Defendant was also marketing their infringing seat covers on other e-commerce websites in direct competition with Plaintiff's seat covers containing the Subject Design.

19. On information and belief, Defendant advertises for, and facilitates the distribution and sale of seat covers containing the Subject Designs through their own website.

20. Plaintiff has never authorized Defendant, by license or otherwise, to copy, publish, distribute or sell any item containing the Subject Design, or any derivative work based upon the Subject Design.

21. On or about December 2, 2015, Plaintiff sent an NOCI to eBay.com's VeRO program notifying them of the recurring infringement.

22. On or about December 5, 2015, Defendant's listings with the infringing seat covers were taken down by eBay.com.

23. On December 10, 2015, Plaintiff's received a Counter Notice Regarding the Removed Listings from eBay.com.

24. On or about January 6, 2016, Plaintiff noticed that Defendant was selling their infringing products on Amazon.com. Plaintiff then sent a report of the infringement to Amazon.com showing Defendant's copyright violation regarding the Subject Design.

25. Amazon.com took action on January 9, 2016, and the infringing seat covers were removed from Amazon.com's catalogue.

26. A printout of Defendants' infringing design is attached hereto as Exhibit B.

27. Plaintiff's counsel received an email purporting to be from Defendant's intellectual property team on January 11, 2016, stating that they had a copyright certificate in the Subject Design (Copyright Certificate # VA1-846-954.)

28. Plaintiff's counsel replied to Defendant's email requesting the sender, or a member of Defendant's supposed intellectual property team, send the deposit related to Copyright Certificate # VA1-846-954 to Plaintiff's counsel so that it could be compared to the Subject Design. Plaintiff's counsel never received an answer to said email reply.

29. Defendant has willfully infringed Plaintiff's copyrighted design, and Plaintiff brings suit against Defendant seeking both injunctive and monetary relief.

*FIRST CAUSE OF ACTION*

**(Copyright Infringement)**

**Against All Defendants**

30. Plaintiff repeats and adopts paragraphs 1 through 29, inclusive, of this Complaint as though fully set forth herein.

31. This cause of action for copyright infringement arises under the copyright laws of the United States U.S.C. 17 § 101, *et seq.*

32. Plaintiff owns all rights, titles, and interest in and to the Subject Design, which was created by Plaintiff.

33. Plaintiff is informed and believes, and thereon alleges, that Defendant manufactures seat covers. Plaintiff is further informed and believes, and thereon alleges, that Defendant continues to market and sell seat covers using the Subject Design.

34. Plaintiff is informed and believes and thereon alleges, that Defendant infringed Plaintiff's copyrights by creating, making, and selling infringing and/or derivative seat covers from the Subject Design.

35. All of the foregoing acts of Defendant were and are without the authority of Plaintiff, the copyright owner of the Subject Design.

36. At no time has Plaintiff ever consented expressly or impliedly to the use of the Subject Design by Defendant.

37. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and in full knowledge of the rights of Plaintiff in the Subject Design.

///

38. Defendant will continue to manufacture, market, and sell seat covers using the Subject Design unless restrained and enjoined, all to Plaintiff's irreparable injury.

39. As a direct and proximate result of Defendant's acts of copyright infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

40. As a further direct and proximate result of Defendant's acts of copyright infringement, Plaintiff has suffered general and special damages in an amount to be established at trial, but no less than Three Hundred Thousand Dollars ($300,000.00). Alternatively, Plaintiff may seek statutory damages for willful copyright infringement as provided by law.

41. As a further direct and proximate result of Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial, but no less than Three Hundred Thousand Dollars ($300,000.00).

42. Plaintiff is informed and believes and thereon alleges that Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

43. Furthermore, Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §505, according to proof.

### SECOND CAUSE OF ACTION

**[California Unfair Business Practices]**

**Against All Defendants**

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 of this complaint as though fully set forth herein.

///

COMPLAINT FOR DAMAGES
- 6 -

45. By reason of Defendant's fraudulent, deceptive, unfair, and other wrongful conduct as alleged hereinabove, Defendant has violated California Business and Professions Code § 17200 *et seq*. by consummating an unlawful, unfair, and fraudulent business practice designed to deprive Plaintiff of its exclusive use of the Subject Design.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff DAY TO DAY IMPORTS, INC. ("Plaintiff") prays for the following relief against all defendants:

a) For a judgment of actual damages against Defendant in an amount to be proven at trial, and for prejudgment and post judgment interest until the award is fully paid;

b) That Plaintiff be awarded its incidental and consequential damages in an amount to be proven at trial;

c) That Plaintiff be awarded such exemplary and punitive damages as allowed by law;

d) That Defendant's profits from the use of Plaintiff's copyrighted work be disgorged and awarded to Plaintiff;

e) For an order preliminarily and permanently enjoining Defendant, and its officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from committing any further unlawful, unfair, or fraudulent business practice, such practice designed to deprive Plaintiff of its exclusive use of its copyrighted work;

f) For an order preliminarily and permanently enjoining Defendant, and its officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them from committing any further acts of infringement, including, but not limited to, copying, manufacturing, importing, advertising, selling, and distributing their seat covers containing Plaintiff's copyrighted work, or aiding, abetting, or assisting others in such infringing activities;

g) For an order seizing and impounding all seat covers in the Defendant's possession with the Plaintiff's copyrighted work;

h) For an order requiring Defendant to account to Plaintiff for all profits derived by Defendant from the copying, manufacturing, using, importing, advertising, offering for sale, distributing, and selling seat covers using the Subject Design, as well as any other acts prescribed by 17 U.S.C. §106.

i) For a judgment to be entered for Plaintiff against Defendant for actual damages in an amount to be proven at trial, or in the alternative for statutory damages based upon Defendant's acts of willful copyright infringement pursuant to 17 U.S.C. §504(c), at Plaintiff's discretion, and for prejudgment and post judgment interest until the award is fully paid;

j) For a judgment that Defendant has willfully and deliberately infringed Plaintiff's rights, such that Plaintiff is entitled to enhanced statutory damages pursuant to 17 U.S.C. §504(c), if elected, and that this is an exceptional case entitling Plaintiff to enhanced damages under the Copyright Laws of the United States;

k) For an award of costs incurred in bringing this action;

l) For an award of attorney's fees; and

m) For such other and further relief as this Court may deem just and equitable under these circumstances.

DATED: June 24, 2016

**LAW OFFICE OF ARYEH KAUFMAN**

By: */s/ Aryeh Kaufman*_____
Aryeh Kaufman
Attorney for Plaintiff
DAY TO DAY IMPORTS, INC.